UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHNNIE BOWENS,

    Petitioner,

v.                                      CASE NO. 5:11-cv-683-Oc-23PRL

WARDEN, FCC COLEMAN-MEDIUM

    Respondent.
_____/

**ORDER**

A federal prisoner at the United States Penitentiary in Coleman, Florida, Bowen serves 420 months of imprisonment, a sentence imposed in Southern District of Florida Case No. 90-cr-732-KLR for conspiracy to possess with the intent to distribute cocaine, possession with the intent to distribute cocaine, using or carrying a firearm during and in relation to a drug trafficking crime, escape, and possession of a firearm by a convicted felon.[1] Bowens claims "actual innocence" of the career offender sentence imposed pursuant to United States Sentencing Guideline (USSG) § 4B1.1.

---

[1] The procedural history of this matter is found at *United States v. Bowens*, 164 Fed. App'x 797, 798, 2005 WL 3311989, *1 (11th Cir. 2005), the affirmance of the denial of Bowens' motion under 18 U.S.C. § 3582(c)(2).

With regard to Bowens' contention that his prior offenses were not "controlled substances offenses" for purposes of career offender status because he was sentenced to a term of less than one year, the respondent explains that:

> Pursuant to section 4B1.2(b), a "prior felony conviction" is defined as a "conviction for an offense punishable by death or imprisonment for a term exceeding one year . . . regardless of the actual sentence imposed." *See* USSG § 4B1.2 comment (n.1.).

Response (Doc. 4) at 6.

The respondent further explains that, even if the argument regarding the controlled substance offenses had merit, which it does not:

> [T]he appellate panel [in denying Bowens' motion under 18 U.S.C. § 3582] . . . noted that Bowens' offense level under the USSG was 37 "not only based on his status as a career offender, but on the entirely independent ground of his drug quantity and § 3A1.2(b) enhancement." 164 Fed. App'x at 800, 2005 WL 3311989 at *2.

Response at 2-3.

Bowens attacks the validity of his sentence rather than the means of execution and attempts to proceed under Section 2241 because Section 2255 bars his motion as successive.[2] Section 2255 states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . ." Bowens seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in Section 2255,

---

[2] The appellate court's March 19, 1999, mandate affirms the denial of Bowens' Section 2255 motion. (Doc. 516, Southern District of Florida Case No. 1:90-cr-732-KLR)

- 2 -

which permits relief under Section 2241 if "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, *Wofford v. Scott*, 117 F. 3d 1236, 1244 (11th Cir. 1999), states:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Bowens must satisfy each requirement but fails to satisfy even one. Further, the Eleventh Circuit has "categorically state[d], . . . that the savings clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum." *Gilbert v. United States,* 640 F.3d 1293, 1315 (11th Cir. 2011) (en banc), *cert. denied*, 132 S. Ct. 1001 (2012) (rejecting attempt to bring a Section 2241 claim that petitioner had been wrongly sentenced as a career offender under USSG § 4B1.1).

Bowens was sentenced over twenty years ago. *Gilbert* recognizes that "finality of judgment and the important interests that finality promotes" caution against examining a sentence that was correctly calculated when imposed even though subsequent interpretations of the guidelines would now require a different sentence. In light of *Gilbert,* which unmistakably governs the disposition of the petition in this case, Bowens is not entitled to habeas relief.

The petition is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to enter judgment dismissing the petition, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on November 19, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE